SPINNER LUMBER CO. v. BURWOOD REALTY CO.  (No. 1653.)

Court of Civil Appeals of Texas. Beaumont. April 12, 1928.

1. Contracts ⟞193—Materialman's letter held unconditional promise to pay vendor out of loan to owner, regardless of owner's indebtedness to it.

Defendant materialman's letter to vendor of lots, reciting that defendant was financing construction of residences on lots, and that after receiving proceeds of loan to owner of lots it would, "as per our agreement with" owner, deliver its check to vendor in payment for lots, *held* unconditional agreement by defendant to pay for lots from proceeds of loan, regardless of amount due to it from owner.

2. Evidence ⟞441(8)—If materialman's letter was not unconditional promise to pay for lots out of loan to owner, oral evidence was admissible to show agreements leading up to writing of letter.

If defendant materialman's letter to plaintiff vendor reciting that defendant would pay for lots out of proceeds of loan to owner was not an unconditional promise to pay out of such proceeds, oral evidence was admissible to show agreements leading up to writing of letter constituting basis of vendor's cause of action against materialman for price of lots.

3. Contracts ⟞350(2)—Evidence held to show vendor agreed to subordinate its lien to materialman's lien on materialman's agreement to pay for lots out of loan.

Evidence *held* to show that vendor sold lots on express agreement of materialman that vendor's lien reserved for payment of purchase price should be subordinate to materialman's lien on condition that materialman pay to vendor the purchase price out of proceeds of loan to purchaser.

Appeal from Harris County Court; Ben F. Wilson, Judge.

Action by the Burwood Realty Company against the Spinner Lumber Company. Judgment for plaintiff, and defendant appeals. Aﬃrmed.

Maurice Epstein, of Houston, for appellant.
Ira J. Allen, of Houston, for appellee.

WALKER, J. This was a suit by appellee against appellant for $491, the balance claimed on a written promise by appellant to pay $1,050. Appellant admitted the promise pleaded, which was as follows:

"Please be advised that we are financing R. P. Williams in the construction of three brick veneer residences on the following described property:

Lot No. 14, block No. 10
Lot No. 8, block No. 10
Lot No. 2, block No. 10

—in Castle court, an addition to the city of Houston, Harris county, Texas. In considera-

tion by us furnishing the labor and material in connection with the above-mentioned residences, Mr. R. P. Williams, the owner, has given us three notes aggregating eighteen thousand seven hundred ($18,700.00) dollars, which notes are secured by mechanic's and materialman's liens. We understand Mr. Williams has placed a loan to pay us the above-mentioned amount after the completion and acceptance of the improvements, and after this money is paid over to us, as per our agreement with Mr. Williams, we will in turn deliver our check to you for the sum of one thousand and fifty ($1,050.00) dollars, being the sum of three hundred and fifty ($350.00) dollars on each of the above-mentioned lots, which Mr. Williams has agreed to pay out of the loan. We have a written order, signed by Mr. Williams, for the payment on the lots."

—but pleaded in answer that the real intent of the agreement was that it was to pay appellee not the $1,050, but only such portion of the loan of $18,700 as might remain in its hands after Williams had paid it all sums due it by him. Appellee further pleaded that the agreement between Williams and appellant was evidenced by the following letter written appellant by Williams:

"And when these residences are completed, I have loans placed on them amounting to the sum of eighteen thousand seven hundred ($18,700.00)—which money is to be turned over to you at the completion and acceptance of the improvements. This is your authority to pay to the Burwood Realty Company the sum of three hundred and fifty ($350.00) dollars on each of the above-described lots, this money to be paid to them in cash only, when my loans on the above three pieces of property have been made and the proceeds turned over to you."

The case was submitted to the jury on the following issue, answered as indicated:

"Did or did not Spinner Lumber Company agree to pay the plaintiff, Burwood Realty Company, the $1,050.00 from the proceeds of the first lien without regard to the amount due Spinner Lumber Company by Williams? Answer it did or it did not as you find the facts to be." The jury answered: "It did."

[1-3] On this verdict judgment was entered in appellee's favor for the amount sued for. Appellant's only complaint is against the reception of oral evidence as to the contract leading up to the writing of the letters pleaded by appellee. There was no error in the reception of this evidence. The promise by appellant was to pay unconditionally $1,050 from the proceeds of the loan to be paid to the appellant. The expression, "As per our agreement with Mr. Williams," related to paying the proceeds over to appellant and not to the disposition of the proceeds. But if the letter did not constitute an unconditional promise to pay, then oral evidence was admissible as to the agreements leading up to the writing of the two letters constituting appellee's cause

of action. This evidence showed by a great preponderance that appellee sold Mr. Williams three lots on an express agreement from appellant that the vendor's lien reserved for the payment should be subordinate to a materialman's lien on condition that appellant pay to appellee the $1,050, and that the letters were written merely as a memorandum of this agreement; while Mr. Spinner, representing the Spinner Lumber Company, testified:

"My agreement with the Burwood Realty Company was to pay them $350 for each lot if that amount was left after payment of the advances made by me for lumber and material on the job of Williams."

He stated further in his testimony:

"Later on when I found out that we would have to pay the $350 I told my employees that we would have to watch the bills very close so that we could take care of this $350 per lot."

Judgment was correctly entered in appellee's favor, both on the oral evidence and, as we think, on the proper construction of the written instruments pleaded in the original petition.